# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**BELYNDA FAYE GOFF**                                                      **PLAINTIFF**
**ADC #705617A**

**V.**                          **NO: 4:16-CV-00807 SWW/PSH**

**ARCHIE L. ROUSEY,** *et al.*                                            **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendations have been sent to United States District Judge Susan Webber Wright.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Belynda Goff, an inmate at the McPherson Unit of the Arkansas Department of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 3, 2016.  *See* Doc. No. 1.  The Court subsequently ordered Goff to file an amended complaint, which she filed on January 11, 2017.  *See* Doc. Nos. 4 & 5.

Before the Court is a motion to dismiss and brief in support filed by Robert Rogers, John Felts, John Belken, Richard Brown, James Wallace, Abraham Carpenter Jr., and Richard Mays Jr. (the "State Defendants") (Doc. Nos. 19 & 20); Goff's response and brief in support (Doc. Nos. 34 & 35); and the State Defendants' reply (Doc. No. 37).  Also before the Court is a motion to dismiss

and brief in support filed by Archie Rousey, Carroll County Sheriff's Department, Robert Gregory Lester, Robert Grudek, and Sheriff Randy Mayfield (the "Carroll County Defendants") (Doc. Nos. 23 & 24); and Goff's response and brief in support (Doc. Nos. 38 & 39). For the reasons described herein, the undersigned recommends that both motions to dismiss be granted.

## I. Goff's Complaint

In 1996, Goff was convicted of murdering her husband, Stephen Goff, and sentenced to life imprisonment. Doc. No. 1 at 7.[1] She applied for clemency to commute her sentence in 2014. *Id.* at 75-86, 275. She claims her due process rights have been violated because Defendant Archie Rousey, a now-retired deputy sheriff and investigator at the Carroll County Sheriff's Department and a former parole officer, was allowed to submit certain electronic records and three letters on Carroll County Sheriff Robert Grudek's letterhead to the Post-Prison Transfer Board (the "Board")[2] in connection with her clemency application. Doc. No. 5 at 7-8. She maintains the information provided by Rousey in these documents was inaccurate, based on rumor, and/or inconsistent with the testimony given at her trial. *Id.* Goff also claims that Rousey was allowed to speak at victim impact hearings whereas her children – the murder victim's step-daughter and

---

[1] *See also Goff v. State*, 2012 Ark. 68, 1, 398 S.W.3d 896, 897 (2012):

In 1996, petitioner Belynda F. Goff was found guilty by a jury of first-degree murder in the death of her husband, Stephen Goff. She was sentenced to life imprisonment. On direct appeal, this court found no prejudicial error in the guilt-determination portion of the trial. There was error, however, in the sentencing proceeding, and we reversed and remanded for resentencing. *Goff v. State,* 329 Ark. 513, 953 S.W.2d 38 (1997). On remand, petitioner was again sentenced to life imprisonment. We affirmed. *Goff v. State,* 341 Ark. 567, 19 S.W.3d 579 (2000).

[2] The Board's correct title is "Arkansas Parole Board." *See* Doc. No. 19 at 1, n. 2. *See also* http://www.paroleboard.arkansas.gov/about-us ("In 2005, Senate Bill 383 renamed the Post-Prison Transfer Board to the Arkansas Parole Board."). Only Defendants John Felts, John Belken and Abraham Carpenter, Jr. are still members of the Board. *See* Doc. No. 20 at 2, n. 3. *See also* (http://www.paroleboard.arkansas.gov/BoardMembersampStaff/p/2175269/Default.aspx).

two sons – were not. Doc. No. 5 at 12.[3] Goff sues former Carroll County prosecutor Robert ("Tony") Rogers II because she alerted him to Rousey's actions while he was prosecutor and he did not take corrective action. Doc. No. 5 at 8-9. Finally, she alleges that the Board members failed to abide by statutes, rules and regulations applicable to the Board and allowed false and highly prejudicial documents to be admitted into Goff's records. Doc. No. 5 at 9-13.

Goff also complains that her due process and equal protection rights were violated by the loss or destruction of biological evidence collected in her case. Doc. No. 5 at 15-18. This evidence was ordered to be tested[4] by the Carroll County Circuit Court on June 3, 2014, but has not been located. *Id.* at 13. Goff maintains Rousey testified he was the only person to handle any of the evidence in the case and that no one else had access to the evidence or evidence room. *Id.* at 14-15. She alleges he failed to disclose the location of the evidence or may have hidden it. *Id.* at 15. Goff sues Deputy Sheriff Greg Lester and alleges that he transported the missing evidence from the laboratory to the Carroll County Sheriff's Department, signed for it, but did not remember anything in connection to it during his deposition.[5] *Id.* at 16. Goff sues Rogers for not seeking to find the missing evidence and for manipulating the deposition testimony of Greg Lester. *Id.* at 17. Goff sues former Sheriff Bob Grudek because the sheriff's office maintained a reckless evidence management system "perpetuated through decades of dereliction of duty." *Id.* at 18. Finally, Goff sues current Sheriff Randy Mayfield for his continued maintenance of a reckless evidence

---

[3] Goff submitted letters from the children with her complaint but does not explain why she believes the Board did not review those submissions. *See* Doc. No. 1 at 91-98. It is not clear whether victim impact hearings were held, and if so, who attended.

[4] Goff insists the biological evidence at issue was never tested. Doc. No. 5 at 13.

[5] Although Goff describes Lester's testimony as deposition testimony, it appears to be his testimony before the Carroll County Circuit Court during the hearing regarding the lost evidence. *See* portion of November 9, 2015 hearing transcript at Doc. No. 1 at 390-395.

management system.  *Id.* at 18.  The Carroll County Court held a hearing regarding the lost evidence on November 9, 2015.  Doc. No. 1 at 390.  Goff alleges that nothing has happened with respect to the lost evidence since then.  Doc. No. 5 at 19.

Goff sues defendants in both their individual and official capacities.  Doc. No. 5 at 4.  She seeks a court order purging and destroying all documents and submissions made by Rousey from her prison and parole records as well as all documentation of the Board's conclusions regarding her clemency from 2009 until the present date.  Doc. No. 5 at 20.  She also wants to bar Rousey from acting as a representative for law enforcement or others with respect to any proceedings regarding her.  *Id.*  She seeks at least $20 million in compensatory and punitive damages against each defendant, and she seeks an order of protection prohibiting the Arkansas Department of Correction or any other governmental agency from filing or attempting to file a claim against any award she may receive.  *Id.*

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557). In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## III. Analysis

### *State Defendants' Motion to Dismiss*

The State Defendants move to dismiss Goff's complaint on three grounds: (1) Defendant Rogers is entitled to absolute immunity as a prosecutor, and the Board members are entitled to sovereign immunity in their official capacities and absolute immunity in their individual capacities as quasi-judicial officers; (2) Goff has no constitutional or inherent right to commutation of her sentence; and (3) Goff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).[6] As explained herein, the undersigned finds that Rogers is entitled to prosecutorial immunity on both Goff's claims, and that Goff's claim against the Board members should be dismissed for failure to state a claim.

<u>Immunity</u>

Goff sues Rogers for compensatory and punitive damages based on his role as Carroll County prosecutor. Specifically, she claims that he was alerted to Rousey's involvement in her clemency petition and did nothing about it, that he has not sought to find the missing evidence from her case, and that he manipulated Lester's testimony in a hearing regarding the missing evidence. A prosecutor is immune from suit for actions taken while carrying out his or her prosecutorial role. *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993). Goff's allegations against Rogers derive from his role as a prosecutor, and accordingly, her claims against him should be dismissed.

---

[6] *Heck* bars a claim for damages if a judgment in plaintiff's favor would necessarily imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994).

Likewise, members of the Board are entitled to immunity in their official capacities for Goff's damages claims, *see Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996), and absolute quasi-judicial immunity on Goff's individual capacity claims, *see Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006).[7] However, Goff also seeks injunctive relief against the Board members (*i.e.*, seeking the purging of certain documents from her prison and parole records and barring Rousey from participating in future proceedings). The Board members' absolute immunity does not apply to the official capacity claims against them. *See VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007) ("[T]he defense of absolute, quasi-judicial immunity is not available to [the defendants] for claims against them in their official capacities[.]).[8] Further, the *current* Board members are not immune from Goff's prospective injunctive relief claims. *See Puerto Rico*

---

[7] *Mayorga v. Missouri* provides:

"Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir.1993), *quoting Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1975). Parole board members are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges. *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006), *quoting Patterson*, 999 F.2d at 1238–39. *See also Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986); *Evans v. Dillahunty*, 711 F.2d 828 (8th Cir. 1983).

442 F.3d at 1131.

[8] In *Van Horn*, the Eighth Circuit Court of Appeals noted that the District Court rejected the defendants' argument that they were absolutely immune from suit for injunctive or declaratory relief, stating:

The district court noted that the 1996 amendment to 42 U.S.C. § 1983 provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." According to the district court, no authority existed for the proposition that [the defendants] qualified as "judicial officers" merely because this court concluded that their actions "were functionally comparable to those of judges and prosecutors." *VanHorn [v. Oelschlager*, 457 F.3d 844, 848 (8th Cir. 2006)].

502 F.3d at 777.

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (discussing the *Ex parte Young* doctrine as a necessary exception to Eleventh Amendment immunity).  Accordingly, the Court must examine Goff's injunctive relief claim to determine whether she states a claim for relief against the Board members.

<u>Goff's Clemency Claim Against the Board Members</u>

The State Defendants do not specifically address the merits of Goff's claims for injunctive relief apart from broadly asserting that she states no constitutional claim as a result of her clemency petition and that *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994), bars her claims.  Because the Court agrees that Goff does not state a constitutional claim against the Board members in connection with her clemency application, the Court need not address *Heck* at this juncture.

The State Defendants maintain that Goff has no constitutional or inherent right to commutation of her sentence and therefore has no due process claim.  Defendants are correct that only minimal due process protections apply to state clemency proceedings.  *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 288–89, 290 (1998); *Winfield v. Steele*, 755 F.3d 629, 631 (8th Cir.), cert. denied, 134 S. Ct. 2838 (2014); *Roll v. Carnahan*, 225 F.3d 1016, 1018 (8th Cir. 2000). The Eighth Circuit Court of Appeals has described the due process requirements in clemency proceedings as follows:

> Because clemency is extended mainly as a matter of grace, and the power to grant it is vested in the executive prerogative, it is a rare case that presents a successful due process challenge to clemency procedures themselves.  *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280–81, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998). On the other hand, if the state actively interferes with a prisoner's access to the very system that it has itself established for considering clemency petitions, due process is violated.  *See Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000).

*Noel v. Norris*, 336 F.3d 648, 649 (8th Cir. 2003).  Goff alleges that members of the Board failed to abide by the Board's rules and regulations with respect to victim-impact hearings and its review

of her clemency application. Specifically, she alleges that Commissioner John Felts did not follow the prescribed statutory policy by maintaining an open-file policy whereby one Board member reviewed clemency applications and made a recommendation while other Board members simply had access to the file. Doc. No. 5 at 10-11. Goff complains that other Board members voted on her clemency application but admitted they did not read the documents submitted as required by Secretary of State Rule 158, the Arkansas Parole Board Policy Manual ("Rule 158"). *Id.* at 12. However, she also maintains that the Board members inappropriately accepted the documents from Rousey and considered them in violation of Rule 158. *Id.* Goff further complains that the Board members refused to allow certain victim family members to attend victim-impact hearings while they allowed Rousey to appear on behalf of the victim's family. *Id.* She maintains this was directly in contravention of Arkansas statutes and rules.

The Board's failure to follow state procedures, regulations, and policy during the clemency process does not equate a violation of Goff's constitutional right to due process. *See Lee v. Hutchinson*, 854 F.3d 978, 981 (8th Cir. 2017). Goff must show that the Board's review of her clemency application approached "the arbitrariness contemplated by Justice O'Connor in *Woodward*: a coin flip or arbitrary denial of access to any clemency process." *Id.* at 982 (citing *Winfield v. Steele*, 755 F.3d at 631). Goff's allegations against the Board members do not amount to more than the mere failure to follow applicable procedures and regulations, and accordingly, she fails to state a due process claim, and the State Defendants' motion to dismiss should be granted.

### Carroll County Defendants' Motion to Dismiss

Goff makes claims against Carroll County Defendants Grudek and Rousey in connection with her clemency application. Goff's claim against the other Carroll County Defendants

(including Rousey and Grudek) arise from the alleged loss or destruction of biological evidence in her case. The Carroll County Defendants maintain that Goff's complaint should be dismissed because: (1) Goff has no constitutional right to commutation of her sentence; (2) Rousey is entitled to absolute immunity for his testimony before the Board; (3) Goff's claims are barred by *Heck v. Humphrey*; (4) the Carroll County Sheriff's Department is not an entity subject to suit; and (5) Goff has not identified a basis for official capacity liability.

As an initial matter, the Court notes that Goff does not name the Carroll County Sheriff's Department as a defendant in her amended complaint. Nevertheless, as a subdivision of Carroll County, the Carroll County Sheriff Department is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, the Carroll County Defendant's motion should be granted as to any claims against the Carroll County Sheriff's Department. The Court next analyzes whether Goff's claim against Rousey and Grudek for interfering with her clemency application may proceed, and then analyzes whether her claim regarding lost or destroyed evidence may proceed.

Clemency Claim Against Rousey and Grudek

Goff names Rousey and Grudek as defendants in connection with her clemency due process claim. Goff seeks damages against Rousey and Grudek for interfering with her clemency application and tainting her records. Goff alleges that Rousey wrote three letters to the Board on Sheriff Grudek's letterhead and made various electronic submissions. Goff submitted copies of the letters but not the electronic submissions. *See* Doc. No. 1 at 74-86. Goff's due process claim with respect to the clemency proceeding is primarily based on inconsistencies between what Rousey submitted to the Board and what actually happened in her trial as well as other allegations made by Rousey in his submissions to the Board. Goff also complains that Rousey was allowed

to represent law enforcement and takes issue with his claim that he represented the victim's family. Goff states that Rousey should not have been allowed to submit information on behalf of law enforcement because he is not described as a person the Board must contact for a recommendation. Specifically, Arkansas Code Annotated § 16-93-204(d) provides that the Board shall solicit the written or oral recommendation of the committing court, the prosecuting attorney, and the county sheriff of the county from which the person was committed. Goff asserts Rousey was not the sheriff and should not have been allowed to submit a recommendation. In sum, she alleges that with Sheriff Grudek's blessing, Rousey deliberately interfered with her clemency proceeding and tainted her permanent records with false information.

As described above, it is difficult to assert a due process claim in connection with clemency proceedings. But "if the state actively interferes with a prisoner's access to the very system that it has itself established for considering clemency petitions, due process is violated." *See Noel v. Norris*, 336 F.3d at 649 (citing *Young v. Hayes*, 218 F.3d at 853). In *Young v. Hayes*, a district attorney threatened to fire an attorney under her supervision if she provided information to the governor in connection with an inmate's clemency petition; the Court found that to be the type of deliberate interference by a government official that violates due process. 218 F.3d at 853. Subsequent Eighth Circuit decisions do not describe that type of interference. Specifically, in *Roll v. Carnahan, supra,* and *Noel v. Norris, supra,* the prisoners did not allege interference in their clemency proceeding but raised issues with respect to the process. More recently, in *Winfield v. Steele*, the Eighth Circuit found that due process was satisfied in an inmate's clemency proceedings even though a staff member with the Department of Corrections may have influenced a staff member's decision not to submit a declaration in support of the inmate's clemency application, and the declaration was ultimately provided to the governor. 755 F.3d at 630.

Rousey's submissions to the Board are not the type of interference described in *Young* or *Winfield*. The Board was required to solicit a recommendation from the county sheriff of the county where Goff was prosecuted pursuant to Arkansas Code Annotated § 16-93-204(d). The fact that Sheriff Grudek allowed the investigator to write on behalf of the Carroll County Sheriff's office is not sufficient to show the government interfered with her access to the clemency process. Goff does not allege that defendants prevented a supporter from providing input on her behalf, and she does not allege that she was not allowed to present her case for clemency. Although she alleges her children were not allowed to speak at victim impact hearings, she does not provide any specific facts to support that claim or show that there was in fact a hearing. She attached letters her children wrote to the Board but does not allege they were not allowed to submit those letters. Further, her assertion that only the individuals identified in Arkansas Code Annotated § 16-93-204(d) overstates the law; it says the Board must solicit a recommendation from those persons, not that they are the only persons allowed to provide input. *See Perry v. Morgan*, 122 F.3d 18, 20 (8th Cir. 1997) (citing Ark. Code Ann. § 16-93-204) ("The Arkansas clemency statute imposes no standards on what the board or the governor may consider in making their decisions.").

In sum, the facts alleged by Goff are that Rousey represented Sheriff Grudek and Carroll County in opposing her petition for clemency and that he made some factual errors and engaged in some speculation while doing so. This is simply not enough to show that Rousey or Grudek interfered with Goff's access to the clemency process. Accordingly, the Court need not reach the Carroll County Defendants' other arguments; their motion to dismiss should be granted.

Loss/Destruction of Evidence Claim

Goff's second claim against the Carroll County Defendants is that they are responsible for lost biological evidence that might help her prove her innocence. In 2014, Goff sought testing of

all biological evidence collected at the crime scene including hair, fingernail clippings, and scrapings taken from under the victim's fingernails via Arkansas's Habeas Corpus – New Scientific Evidence Statute (Arkansas Code Annotated § 16-112-201 *et seq*).  *See* Doc. No. 1 at 357-361.  The Carroll County Circuit Court granted Goff's motion and ordered that the evidence at issue be tested.  *Id.*  However, the evidence is missing.  Goff alleges that Rousey previously testified he was the only person with access to the evidence but that he "has refused to come forward as to the whereabouts of this critical untested evidence . . .".  Doc. No. 5 at 14.  Goff's claim against Rousey states that "[h]iding any evidence, but particularly potential exculpatory evidence is a blatant violation of the law, as is mishandling or destruction of any evidence."  *Id.* at 15. Goff alleges that documentary evidence shows that Lester transported the evidence from the Arkansas State Crime Laboratory to the Carroll County Sheriff's Department and signed for it; she claims he violated her due process and equal protection rights by mishandling the evidence.  *Id.* at 16.  Finally, Goff maintains Sheriffs Grudek and Mayfield are liable because they maintained a poor and reckless evidence management system.  *Id.* at 18.

Although Goff claims her equal protection rights have been violated, she does not explain how she was treated differently than anyone else. Accordingly, she fails to state an equal protection claim.  *See generally Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'") (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)).

Goff also claims her due process rights were violated by the loss or destruction of biological evidence after her conviction.[9]  Goff seeks only monetary damages in this action.  The Carroll County Defendants argue Goff's claim is *Heck*-barred.  The Court agrees.

In *Heck*, the Supreme Court held that an action for damages is barred if a judgment in plaintiff's favor would necessarily imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus.  *See* 512 U.S. at 486-487.  Heck sought damages and alleged, among other things, that the state knowingly destroyed material evidence in his case that led to his conviction.  *Id.* at 479.  While the bad-faith destruction of potentially useful evidence or loss of material exculpatory evidence may violate the defendant's due process rights,[10] a suit for money damages is barred by *Heck* unless the conviction or sentence

---

[9] There is no "freestanding, substantive due process right to DNA evidence" in the post-conviction setting.  *See District Attorney's Office for Third Judicial District v. Osborne,* 557 U.S. 52, 53 (2009) (holding that there is no free-standing constitutional right to the state's evidence where states may provide adequate post-conviction access to DNA evidence); *Skinner v. Switzer*, 562 U.S. 521 (2011) (finding that a convicted prisoner may seek DNA testing of crime-scene evidence in a § 1983 action).  Goff's complaint is not about access to DNA evidence, but the post-conviction loss or destruction of it.  Goff has already successfully utilized the Arkansas procedures for post-conviction DNA testing and obtained a court order directing that the evidence at issue be tested.

[10] In *United States v. Iron Eyes*, 367 F.3d 781, 786–87 (8th Cir. 2004), the Eighth Circuit Court of Appeals explained:

> A due process violation occurs whenever the government "suppresses or fails to disclose material exculpatory evidence." *Illinois v. Fisher,* 540 U.S. 544, ----, 124 S.Ct. 1200, 1202, 157 L.Ed.2d 1060 (2004) (per curiam) (citing *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)). In contrast, "the failure to preserve ... 'potentially useful evidence' does not violate due process '*unless a criminal defendant can show bad faith on the part of the police.*' " *Id.* (quoting *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)) (emphasis added in *Fisher*); *United States v. Boswell,* 270 F.3d 1200, 1207 (8th Cir.2001), *cert. denied,* 535 U.S. 990, 122 S.Ct. 1545, 152 L.Ed.2d 470 (2002).

*See also California v. Trombetta* 467 U.S. 479 (1984) (to prevail on a destruction of evidence claim, a plaintiff must show that the destroyed evidence was material); *Arizona v. Youngblood,* 488 U.S. 51 (1988) (the failure to preserve potentially useful evidence is not a due process violation unless the plaintiff can show bad faith on the part of the government).

has been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *See Penley v. Collin County, Texas,* 446 F. 3d 572 (5th Cir. 2006) (inmate's § 1983 claims based on the allegedly unconstitutional post-conviction destruction of evidence that could have been submitted for DNA testing were *Heck* barred); *Ross v. Lehigh County District Attorney's Office,* 2008 WL 5234411 (E.D. Pa. 2008) (same); *Walker v. Thomsen*, No. 1:09-CV-104-SNLJ, 2009 WL 2928767, at *2 (E.D. Mo. Sept. 9, 2009) (holding that plaintiff's suit for the allegedly wrongful destruction of DNA evidence that he claims would have established his innocence and overturned his conviction would necessarily imply the invalidity of his confinement); *see also Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment.").

Applying *Heck* to this case, Goff's claim for damages based on the improper loss or destruction of evidence is clearly barred. Accordingly, Goff's lost evidence claim fails to state a claim upon which relief may be granted, and the Carroll County Defendants' motion to dismiss should be granted.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The State Defendants' Motion to Dismiss (Doc. No. 19) be GRANTED.

2.      The Carroll County Defendants' Motion to Dismiss (Doc. No. 23) be GRANTED.

3.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

DATED this 31st day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE